## McGettigan v. Montgomery County Sheriff's Department

*Frank P. Murphy,* for plaintiff.
*Thomas J. Speers,* for defendant.

DAVENPORT, *S.J.,* August 11, 1993—This opinion is necessitated by plaintiff-appellant, Patrick McGetti-

gan's, appeal of this court's order sustaining the revocation of plaintiff's license to carry a firearm by the defendant, Montgomery County Sheriff's Department. See order dated June 2, 1993. As noted in the text of the order, the court determined that the statutory law mandated that Mr. McGettigan relinquish his license. See 18 Pa.C.S. §6109. In his concise statement, Mr. McGettigan argues that 1) the law does not mandate the revocation; 2) the court erred in applying the law retroactively; 3) the sheriff's department was estopped from applying the law to Mr. McGettigan; and 4) the law is unconstitutional. Because all of Mr. McGettigan's arguments are without merit, the revocation of Mr. McGettigan's license should be sustained.

Mr. McGettigan is a Montgomery County resident, and owner of Pat's Towing Service in Norristown, Pennsylvania. Due to his business which apparently requires him to often carry large sums of cash on his person, Mr. McGettigan applied for and was issued a license to carry a firearm sometime in 1979. This license was renewed continuously through 1992. However, on or about December 9, 1992, Mr. McGettigan was notified that "as a result of information received by this office," his license had been revoked. The information concerned Mr. McGettigan's 1975 conviction for selling marijuana. Mr. McGettigan never reported his conviction on any of his eight previous applications for license to carry a firearm. In his own defense, Mr. McGettigan claims that he openly discussed his conviction "during the course of making said application." See petitioner's appeal from revocation of license, paragraph 6, filed on December 15, 1992. This argument is completely irrelevant since the "dis-

cussion" occurred in 1979, and the conviction did not automatically preclude him from obtaining a license until the statutory amendment in 1989.

## 18 Pa.C.S. §6109

In 1989, section 6109 was amended to preclude the granting of a license to carry a firearm to any "individual who has been convicted of an offense under the Act of April 14, 1972 (P.L. 233, no. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act." Contrary to the appellant's argument in paragraph one of his concise statement, the sheriff's office, or other issuing body has no discretion with regard to this preclusion. The language of the Act reads "A license *shall not* be granted to any of the following...." Mr. McGettigan's 1975 conviction came under the aforesaid Drug Act. Thus, when Mr. McGettigan failed to report his 1975 conviction on his 1992 application, his application was less than completely honest, and the sheriff's office's decision to revoke Mr. McGettigan's license was a legally proper one.

In paragraph two of his concise statement, Mr. McGettigan argues that the court erred by applying the amended Act retroactively against Mr. McGettigan. This argument is irrelevant due to the fact that the law was not applied retroactively. The law was applied with regard to Mr. McGettigan's 1992 renewal which was his first renewal since the 1989 amendment. Mr. McGettigan lied on his application, and when this was brought to the attention of the sheriff's office, Mr. McGettigan's license was promptly revoked.

The appellant's third argument on appeal is that the sheriff's department is collaterally estopped from revoking the plaintiff's license. This is absolutely absurd. Mr. McGettigan was issued the license which is now being contested pursuant to his 1992 application. In filling out this application, Mr. McGettigan was less than candid. Applying for a license to carry a firearm is a serious matter. It is this court's opinion that any evidence of dishonesty in applying for such a license should, by itself, disqualify the individual. The appellant apparently suggests that once he obtained his license, albeit through an inaccurate application, the sheriff's department should be estopped from revoking the improperly obtained license.

Finally, the appellant argues that the statutory amendment to 18 Pa.C.S. §6109 which precluded persons convicted under the Drug Act from obtaining a license to carry a firearm is unconstitutional. Mr. McGettigan claims it is unconstitutional because it "deprives appellant of his rights retroactively and eliminates all discretion on the part of the sheriff's department to grant firearm licenses to applicants." As the court explained above, the issue of retroactivity is complete nonsense.

Mr. McGettigan's argument that the lack of discretion granted the sheriff's department is unconstitutional is almost as absurd. There are many instances where this Commonwealth requires certain action by its law enforcement officials, and does not allow for the use of discretion. Indeed, there is legislation which does not allow judges to use their discretion in sentencing (incarcerating) certain convicted felons. See 18 Pa.C.S. §7508, requiring mandatory sentences for persons found in violation of the

Drug Act. Further, a person's driving privileges (license) are taken away without leave for discretion after so many moving violations. This court sees no problem with mandating that a convicted felon be precluded from walking the streets with a concealed weapon. If the appellant believes this "inconvenience" should be limited in duration, he should take this up with the legislature.

The order upholding the revocation of Mr. McGettigan's license should be affirmed.